Wesley-Keith: Mullings, sui juris
PO Box 448
Newark, NJ 07101-0448

**!URGENT!**

## United States District Court for the District of New Jersey

| | |
|---|---|
| WESLEY-KEITH MULLINGS, as Trustee of the WESLEY KEITH MULLINGS TRUST, and individually,<br><br>                    Plaintiff,<br><br>                    vs.<br><br>DAMIAN SANTOMAURO (in his individual capacity),<br>STEPHEN R. CAPPETTA (individually),<br>AISHA MARGARET SMITH (a/k/a Aisha Mullings),<br>ESSEX COUNTY PROSECUTOR'S OFFICE, and JOHN DOE STATE AGENTS 1–10,<br>                    Defendant, | Case #:<br><br>    COMPLAINT FOR CIVIL RIGHTS<br>VIOLATIONS, DECLARATORY RELIEF, AND<br>    EMERGENT INJUNCTIVE RELIEF<br>(42 U.S.C. §§ 1983, 1985, 1986; 28<br>U.S.C. §§ 2201–2202; 15 U.S.C. §<br>                    1121) |

**CRITICAL PRELIMINARY STATEMENT**

1. **THIS ACTION IS NOT A DOMESTIC MATTER and DOES NOT SEEK REVIEW OF STATE COURT DECISIONS. It challenges:**

- Extrajurisdictional conduct by state actors (Santomauro, Cappetta, Smith) violating federal rights.

- Fraudulent weaponization of judicial processes to:

  ○ suppress First Amendment-protected speech about public corruption (child kidnapping and fraud), and

  ○ seize non-marital assets (trust-owned website and trademark).

- Rooker-Feldman and domestic abstention are inapplicable because:

  ○ Claims arise from post-judgment conspiracy to enforce void orders against non-parties (Trust).

  ○ Relief targets unconstitutional conduct (prior restraint, due process violations), not reversal of state judgments.

COMPLAINT EMERGENT TEMPORARY RESTRAINING ORDER

**JURISDICTIONAL STATEMENT**

2. **Federal Question Jurisdiction**: This action arises under 42 U.S.C. §§ 1983, 1985(3), and 1986 for deprivation of constitutional rights, conspiracy under color of law, and failure to prevent conspiracy.

3. **Separate from Mullings v. Raghnal:** This case challenges extrajurisdictional conduct (enforcement of void FRO against non-party Trust), not custody merits pending in SCOTUS (24-7363).

4. **Abstention Inapplicable**: Domestic relations abstention (Ankenbrandt) and Rooker-Feldman are avoided because:

• Claims target **fraud on the court** (Aisha's identity perjury) and **prior restraint** (FRO's speech/trademark provisions).

• Relief seeks to halt **ongoing constitutional violations**, not review state custody decisions.

**JURISDICTION AND VENUE**

5. **Jurisdiction:**

• **28 U.S.C. § 1331** (federal question);

• **42 U.S.C. §§ 1983, 1985, 1986** (civil rights violations);

• **28 U.S.C. §§ 2201–2202** (declaratory judgment);

• **15 U.S.C. § 1121** (federal trademark preemption).

6. **Venue:**

• **Under 28 U.S.C. § 1391(b):** Defendants reside in/district where unconstitutional acts occurred (Newark, NJ).

**PARTIES**

7. **Plaintiff**:

- Wesley-Keith Mullings, Trustee of the **Wesley Keith Mullings Trust** (owner of aishamargaretmullings.com), and owner of trademarks "Wesley Keith Mullings" and "Aisha Margaret Mullings").

8. **Defendants**:

- **Damian Santomauro**: NJ Family Court Judge acting beyond jurisdiction to target protected speech.

- **Stephen R. Cappetta**: Attorney conspiring to enforce void orders via fraudulent arrest warrants.

- **Aisha Margaret Smith**: Perpetuating fraud via false DV claims to conceal kidnapping of Isaiah Keishon Mullings.

- **John Doe State Agents**: Law enforcement/judicial actors aiding enforcement of void orders.

**FACTUAL ALLEGATIONS**

**Core Constitutional Violations**

9. **Identity Fraud**:

- Aisha initiated TRO as "Aisha Smith" (FV-07-3611-25) but testified as "Aisha Mullings" (May 13, 2025 transcript, p. 3).

- No legal name change under N.J.S.A. 2A:52-1; 2016 driver's license confirms "Aisha Smith" (Exhibit H).

- Santomauro altered FRO caption to "Aisha M. Mullings" (July 30, 2025 AFRO) without evidence, fabricating standing under PDVA.

10. **Judicial Conspiracy (§ 1985(3))**:

- Santomauro & Cappetta conspired to:

○ Ignore identity fraud to enforce void FRO;

○ Suppress evidence of Isaiah's kidnapping;

○ Threaten arrest via unsigned warrant (W-2025-8642-0714) despite contempt denial (August 21, 2025 AFRO).

11. **Failure to Prevent Conspiracy (§ 1986):**

- Essex Prosecutor activated warrant without judicial signature, ignoring proof of Trust ownership and SCOTUS jurisdiction (24-7363).

**CAUSES OF ACTION**

**COUNT I: 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION**

*(Against All Defendants)*

12. Defendants conspired to suppress Plaintiff's speech about judicial corruption/kidnapping via void FRO provisions.

**COUNT II: 42 U.S.C. § 1983 – DUE PROCESS VIOLATIONS**

*(Against Santomauro and John Does)*

13. Santomauro denied fair notice/hearing by enforcing void orders against non-party Trust.

**COUNT III: 42 U.S.C. § 1985(3) – CONSPIRACY TO VIOLATE CIVIL RIGHTS**

*(Against Santomauro, Cappetta, Smith)*

14. Conspiracy motivated by animus against:

- **Pro se litigants** (Santomauro's refusal to liberally construe filings);

- **Whistleblowers** (suppressing speech about government corruption).

**COUNT IV: 42 U.S.C. § 1986 – FAILURE TO PREVENT CONSPIRACY**

*(Against John Doe State Agents)*

15. Essex County Prosecutor's Office ignored void warrant evidence after Plaintiff's August 12, 2025 complaint.

**COUNT V: DECLARATORY JUDGMENT (28 U.S.C. § 2201)**

16. FRO provisions targeting website/trademark are **void ab initio** under:

- **First Amendment** (Packingham v. North Carolina);

- **Federal Trademark Preemption** (15 U.S.C. § 1121; P*ark 'N Fly, Inc. v. Dollar Park and Fly, Inc.*).

**COUNT VI: § 1983 – FRAUD ON THE COURT & DUE PROCESS VIOLATIONS**

*(Against Santomauro, Cappetta, Smith)*

17. Defendant Santomauro knowingly permitted Aisha Smith to prosecute the FRO under fraudulent identities ("Aisha Smith" and "Aisha Mullings") without proof of a legal name change, violating N.J.S.A. 2A:52-1 and the Due Process Clause.

18. This fraud was material: Smith lacked standing to seek a FRO under the Prevention of Domestic Violence Act (PDVA), which requires a "victim" with a documented relationship to the defendant (N.J.S.A. 2C:25-19(d)).

19. Santomauro further compounded the fraud by altering the FRO caption on July 30, 2025 without evidence, converting a void proceeding into an enforceable order.

**COUNT VII: § 1985(3) CONSPIRACY TO COMMIT FRAUD**

*(Against Santomauro, Cappetta, Smith)*

20. Defendants Santomauro, Cappetta, and Smith conspired to conceal Smith's identity fraud to:

      a. Fabricate standing under the PDVA;

      b. Evade scrutiny of the fraudulent adoption;

      c. Weaponize the FRO to suppress protected speech about Isaiah's kidnapping.

**PRAYER FOR RELIEF**

Plaintiff requests:

(a)    **Declaratory Judgment** that FRO provisions re: website/trademark are unconstitutional and void;

(b)    **Permanent Injunction** to compel Essex Prosecutor to quash warrant;

(c)    **TRO Restraining Arrest** under void warrant (W-2025-8642-0714);

(d)    **Compensatory/Punitive Damages** in accordance to fee schedule recorded in BPA Book 105, pgs. 789-801 in Lamar County, Georgia and 15 USC §§ 1116 - 1118;

Respectfully submitted,

By: _____
Wesley-Keith: Mullings
Pro Se Petitioner
2 Federal Square, Box 448
Newark, NJ 07101-0448
(862) 234-5082
lawandbanking@gmail.com